| | |
|---|---|
| **From:** | Feldhammer, Jon |
| **Sent:** | Friday, May 8, 2026 3:14 PM |
| **To:** | DePalma, Lolita (CIV); Koodrich, Benjamin |
| **Subject:** | RE: Yoon v. United States -- Stipulation to Vacate Initial Case Management Deadlines |

Lolita,

Thank you for your email.  We discussed another alternative that I didn't see addressed in your email.  This was that if we agree the IRS can receive and duplicate the materials for the purpose of sending us a copy, but not turn them over to Korea without our agreement or an order from the court denying our petition to quash the summons and to destroy them should the court grant our petition.  This would allow us to work together on a path forward with respect to redaction that could be mutually satisfactory.

In addition, I think it would be the helpful if we spoke together with Revenue Agent Shelby Johnson about an option of moving forward with redactions.  I spoke with Agent Johnson about this before and she said it was something she has done in other cases (redacted the documents produced pursuant to a treat request, not necessarily in the context of a petition to quash).  I understood that both her and her Program Manager were agreeable to this approach here as long as the redactions we requested were not something they believed needed to be produced to Korea.

Regards,

**Jon Feldhammer**
*Partner*

Baker Botts L.L.P.
jon.feldhammer@bakerbotts.com
T +1.415.291.6212
F +1.415.291.6312
101 California Street, Suite 3200
San Francisco, CA 94111

---

**From:** DePalma, Lolita (CIV) <Lolita.DePalma@usdoj.gov>
**Sent:** Friday, May 8, 2026 2:29 PM
**To:** Feldhammer, Jon <jon.feldhammer@bakerbotts.com>; Koodrich, Benjamin <benjamin.koodrich@bakerbotts.com>
**Subject:** Yoon v. United States -- Stipulation to Vacate Initial Case Management Deadlines

**[EXTERNAL EMAIL]**

Hi Jon and Benjamin,

To follow up on yesterday's discussion, I have been told that the United States cannot stipulate to subpoenas on the banks--even ones for the exact documents requested by the summonses. Discovery is only permitted for petitions to quash IRS summonses after both the taxpayer has made a "substantial preliminary showing of abuse or wrongdoing" and an evidentiary hearing has failed to convince the court "that the summonses were issued for a proper purpose."

*United States v. Stuckey*, 646 F.2d 1369, 1374 (9th Cir. 1981). And the United States will not stipulate to the use of a discovery procedure outside of those circumstances.

Now that the motion has been filed, I have attached a draft stipulation to vacate the initial case management deadlines. I understand if, based on the above, you are no longer willing to stipulate. But please let me know by next Wednesday (5/13) if you are willing to agree to the attached stipulation, have alternate langauge to propose, or have a different stipulation to propose.

Otherwise, the United States will move on its own to vacate the deadlines.

Thank you,
Lolita

—
**Lolita De Palma**
Trial Attorney, Tax Litigation Branch – Western
U.S. Department of Justice, Civil Division
PO Box 683 | Washington DC 20044
Tel. 202.305.3664 (office) | 202.598.7574 (cell)